UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND WELFARE,<br><br>    Defendant. | Case No. 1:21-cv-00426-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Artem Andrianumearisata's Complaint (Dkt. 1) and Application for Leave to Proceed in Forma Pauperis (Dkt. 2). Pursuant to 28 U.S.C. § 1915, the Court must review Andrianumearisata's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Andrianumearisata's Complaint to ensure it meets the minimum required standards.[1]

---

[1] Upon receiving the Court's Order of Conditional Filing (Dkt. 3), Andrianumearisata filed a Notice (Dkt. 5) wherein he objects to the law requiring the Court to review his request to proceed in forma pauperis and his Complaint. He believes this process is unconstitutional. It is not. *Taylor v. Delatoore*, 281 F.3d 844, 848 (9th Cir. 2002). This process, codified in 28 U.S.C. § 1915, allows the Court to waive a fee that is otherwise required to file a lawsuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). When he filed his lawsuit, Andrianumearisata had two options: (1) pay the required fee or (2) apply to proceed in forma pauperis and file his Compliant conditionally. He chose the second option.

ORDER – 1

For the reasons explained below, the Court DENIES Andrianumearisata's Application to Proceed in Forma Pauperis WITHOUT PREJUDICE and will allow him to file another Application that complies with the Court's order below. Additionally, having reviewed the Complaint, the Court finds it does not state a plausible claim for relief and must DISMISS the entire case with leave to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor . . . ." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed the application provided by Andrianumearisata in this case and finds that it does not state with "some particularity, definiteness and certainty" facts supporting his poverty. *See* Dkt. 2. Andrianumearisata filed a single paragraph document requesting he be allowed to proceed without payment. *Id*. He included a screenshot of what appears to be two bank cards and the available monetary balance of those accounts. *Id*. at

2–3. Glaringly absent, however, is any information regarding Andrianumearisata's income, debts, liabilities, assets, and expenses. Without this information, the Court is unable to properly determine whether Andrianumearisata should be allowed to proceed in forma pauperis.

Accordingly, the application is DENIED. Nevertheless, the Court GRANTS Andrianumearisata leave to file another Application to supply additional details that would permit the Court to make a more reasoned decision. Andrianumearisata should utilize the Court's standard form if he elects to renew his request.[2]

As will be explained in the next section, however, the Court must also dismiss this case due to Andrianumearisata's failure to allege a valid cause of action. Here too, however, the Court will grant Andrianumearisata an opportunity to amend his Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a Plaintiffs' Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

---

[2] The Court's standard form can be found here:
https://id.uscourts.gov/Content_Fetcher/index.cfml/In_Forma_Pauperis_Application_Non_Prisoner_1032.pdf?Content_ID=1032

ORDER – 3

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Andrianumearisata's brief Complaint outlines his experience applying for food stamps at the Idaho Department of Health and Welfare. Dkt. 1. He reviewed the standard privacy notice included in the application paperwork and objected to certain terms he believes illegal. *Id.* He alleges that the employees refused to process his application without those terms. At the conclusion of his Complaint, in a section titled "Resolution," he asks for the following relief:

> Being a resident in the State of Idaho, under the 14th Amendment to the Constitution, I the Plaintiff, by the Article III, present this Complaint to the United States District Judge, and request to cause Defendant Department of Health and Welfare to provide a process of applying for the Food Stamps without the illegal obligations.

*Id.* at 3.

At present, none of the allegations in Andrianumearisata's Complaint rise to the level of legal claims with available remedies. He cites a variety of Articles of the United States Constitution as giving certain rights, protections, and limitations; however, the provisions he cites have no pertinence to the underlying factual allegations. For example, he cites Article I, section 6, clause 1 as giving him "the liberty of privacy," which he alleges

the Idaho Department of Health and Welfare violated. That provision of the Constitution deals with the compensation of members of Congress. He also cites Article II, section 2, clause 1, which is about the President's role as Commander in Chief; Article II, section 1, clause 4, which is about electors; Article V, which is about amending the Constitution; Article I, section 9, clause 1, which states that Congress could not prohibit the importation of slaves until 1808; and others.

Furthermore, the fact that the employees would not process his application without the privacy provisions he found objectionable does not appear to be a violation of any law, statute, or regulation. In a seemingly shotgun approach to find a potentially applicable Constitutional provision, Andrianumearisata did point to the Fourteenth Amendment in some parts of his Complaint. While there is a due process right to privacy under the Fourteenth Amendment, Andrianumearisata does not coherently state a plausible legal claim that the Idaho Department of Health and Welfare did anything to violate those privacy rights. *See Endy v. Cnty. of L.A.*, 975 F.3d 757, 769 (9th Cir. 2020) (holding that a constitutional privacy claim fails when there is no evidence that personal information has been "publicly disseminated or disclosed"). Because Andrianumearisata has not alleged coherent facts to support any claim for relief, his Complaint must be dismissed.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Andrianumearisata *may* be able to state a claim upon which relief can be granted, the Court will allow him an opportunity to amend to remedy the following deficiencies.

ORDER – 5

First, Andrianumearisata must state a specific plausible legal claim and the theory upon which that claim rests. And second, Andrianumearisata must detail the entire factual background giving rise to his claim. Allegations unsupported by fact will not be accepted.

## IV. ORDER

1. Andrianumearisata's Application for Leave to Proceed In Forma Pauperis (Dkt. 2) is DENIED WITHOUT PREJUDICE. The Court GRANTS Andrianumearisata leave to file an updated Application to add relevant details. Any such Application must be filed within 30 days of the issuance of this order.

2. Andrianumearisata's Complaint (Dkt. 1) is deficient as it fails to state any claims upon which relief can be granted. The Complaint is, therefore, DISMISSED WITHOUT PREJUDICE. The Court GRANTS Andrianumearisata leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Andrianumearisata must file his Amended Complaint within 30 days of the issuance of this Order.

3. Failure to file an updated In Forma Pauperis Application or an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: December 8, 2021

David C. Nye
Chief U.S. District Court Judge