UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND WELFARE.<br><br>Defendant. | Case No. 1:21-cv-00426-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

## I. INTRODUCTION

On December 8, 2021, the Court issued an Initial Review Order (Dkt. 6) of Plaintiff Artem Andrianumearisata's Complaint (Dkt. 1) and Application to Proceed in Forma Pauperis[1] (Dkt. 2). The Court dismissed Andrianumearisata's Application to Proceed in Forma Pauperis without prejudice and granted him thirty days to file another application with sufficient details. Dkt. 6. The Court also reviewed and dismissed without prejudice the Complaint for failure to state a claim. *Id.* Again, the Court granted Andrianumearisata leave to amend the Complaint in substantial compliance with its order. *Id.*

After the Court's Initial Review Order, Andrianumearisata filed a document titled "Identifying the Claim" (Dkt. 7), and another titled "Motion to Resume Pursuance" (Dkt. 8). Within the "Identifying the Claim" filing are various documents: (1) "Identifying the Claim," which the Court construes as an Amended Complaint; (2) "Identifying Proper

---

[1] Andrianumearisata titles this document: "Petition to Originate a Fee Compensation." Dkt. 2.

SUCCESSIVE REVIEW ORDER – 1

Filing," which argues that his original Application for Leave to Proceed in Forma Pauperis was proper; (3) "Proclamation of Artem Andrianumearisata," which provides supplemental details about his inability to pay a filing fee; (4) a pay stub from his last place of employment; and (5) a letter from Idaho Deputy Attorney General Rafael A. Icaza responding to Andrianumearisata's letter to the Idaho Department of Labor about alleged constitutional violations by several potential employers. Dkt. 7.

The Court has reviewed the amendment to Andrianumearisata's Complaint and Application to Proceed in Forma Pauperis. For the reasons explained below, the Court must DISMISS the case WITH PREJUDICE.

## II. LEGAL STANDARD

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a Plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court is required to screen complaints brought by litigants who seek in forma

pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a Plaintiffs' Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### III. DISCUSSION

Since June 2021, Andrianumearisata filed seven lawsuits in this Court.[2] His filings in those lawsuits are incoherent. Courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each

---

[2] 1:21-cv-00257-DCN; 1:21-cv-00295-DCN; 1:21-cv-00426-DCN (the instant case); 1:21-cv-00429-BLW; 1:21-cv-00443-BLW; 1:21-cv-00451-BLW; 1:21-cv-00512-DCN. He also filed a lawsuit in December 2020; that case number is 1:20-cv-00547-DCN.

claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). In reviewing the instant case, and Andrianumearisata's other cases, this Court has worked diligently to decipher his filings and give him the benefit of any doubt, and it will continue to do so. However, Andrianumearisata must understand that it is his responsibility to bring meritorious claims, explain those claims coherently, and support the claims with facts. If he fails to do so, the Court must dismiss his claims.

In the present case, the Court determined in its Initial Review Order that none of the allegations in Andrianumearisata's Complaint rose to the level of legal claims with available remedies. Dkt. 6. Below is the Court's analysis from the Initial Review Order:

> In this case, Andrianumearisata's brief Complaint outlines his experience applying for food stamps at the Idaho Department of Health and Welfare. Dkt. 1. He reviewed the standard privacy notice included in the application paperwork and objected to certain terms he believes illegal. *Id.* He alleges that the employees refused to process his application without those terms. At the conclusion of his Complaint, in a section titled "Resolution," he asks for the following relief:
>
>> Being a resident in the State of Idaho, under the 14th Amendment to the Constitution, I the Plaintiff, by the Article III, present this Complaint to the United States District Judge, and request to cause Defendant Department of Health and Welfare to provide a process of applying for the Food Stamps without the illegal obligations.
>
> *Id.* at 3.
>
> At present, none of the allegations in Andrianumearisata's Complaint rise to the level of legal claims with available remedies. He cites a variety of Articles of the United States Constitution as giving certain rights, protections, and limitations; however, the provisions he cites have no pertinence to the underlying factual allegations. For example, he cites Article I, section 6, clause 1 as giving him "the liberty of privacy," which he alleges the Idaho Department of Health and Welfare violated. That provision of the Constitution deals with the compensation of members of Congress. He also

> cites Article II, section 2, clause 1, which is about the President's role as Commander in Chief; Article II, section 1, clause 4, which is about electors; Article V, which is about amending the Constitution; Article I, section 9, clause 1, which states that Congress could not prohibit the importation of slaves until 1808; and others.
>
> Furthermore, the fact that the employees would not process his application without the privacy provisions he found objectionable does not appear to be a violation of any law, statute, or regulation. In a seemingly shotgun approach to find a potentially applicable Constitutional provision, Andrianumearisata points to the Fourteenth Amendment in some parts of his Complaint, and while there is a due process right to privacy under the Fourteenth Amendment, Andrianumearisata does not coherently state a plausible legal claim that the Idaho Department of Health and Welfare did anything to violate those privacy rights. *See Endy v. Cnty. of L.A.*, 975 F.3d 757, 769 (9th Cir. 2020) (holding that a constitutional privacy claim fails when there is no evidence that personal information has been "publicly disseminated or disclosed"). Because Andrianumearisata has not alleged coherent facts to support any claim for relief, his Complaint must be dismissed.

Dkt. 6, at 4–5.

The Court now reviews Andrianumearisata's subsequent filings (Dkts. 7, 8) to determine if he alleges coherent facts to support any claim for relief. In the document "Identifying the Claim," which the Court construes as his Amended Complaint, Andrianumearisata does not correct any of the deficiencies of his original Complaint as outlined by the Court. Instead, he seems to take issue with the Court's Initial Review Order as a whole. *See* Dkt. 7, at 2 ("The Court's order however depended on construing those statutes as an introduction which is distant from what the Plaintiff has stated."). This filing is unintelligible, yet the Court has pieced together from it and the original Complaint that Andrianumearisata is trying to raise a due process claim against the Idaho Department of Health and Welfare. However, he does not allege facts showing that the Idaho Department

of Health and Welfare did anything to deprive him of due process.

The remaining documents in his filings, including his Motion to Resume Pursuance (Dkt. 8), likewise fail to remedy the deficiencies of the Complaint. Andrianumearisata's Motion to Resume Pursuance is a single paragraph, included in full below:

> In the United States District Court, comes the Plaintiff, Artem Andrianumearisata, and presenting this Motion to Resume Pursuance to the Court. Because of the financial difficulties, more specifically identified in the Petition to Originate a Fee Compensation, and Proclamation of Artem Andrianumearisata (submitted with this Motion), the Plaintiff makes the jurisdiction of the statues stated in this Motion as a response for any future Court's and Defendant's questions, motions or concerns in this case whatsoever. By the jurisdiction of ARTICLE-VI-2, the establishment of ARTICLE-III, the residency under the ARTICLE II-1-4 and 14th Amendment, the due process of 14th Amendment, the prevention of the breach under ARTICLE-1-6-1, the prevention of depriving under the ARTICLE-V, the purpose of the civil liberties under the ARTICLE-V, the qualification of no requirement to believe in a practice contrary to the civil jurisdiction under ARTICLE-VI-3, the Plaintiff makes this Motion to Resume Pursuance until the affirmative judgment for the Resolution of the Complaint if found.

Dkt. 8.

For these reasons, the Court must dismiss the case. Furthermore, the Court finds that allowing amendment would be futile. Therefore, the case is DISMISSED WITH PREJUDICE.

Finally, the Court notes that after the Initial Review Order, Andrianumearisata did supplement his Application to Proceed in Forma Pauperis. While he did not use the Court's standard application form, he provided the Court with more details about his financial circumstances. That said, because the Court is not allowing this case to go forward because of the insufficiency of the Complaint and the amendment, the issue of the filing fee is moot.

Therefore, the Court does not deem it necessary to determine whether Andrianumearisata qualifies for in forma pauperis status.

## IV. CONCLUSION

In summary, this case cannot go forward because Andrianumearisata has failed to state a plausible claim for relief.

## V. ORDER

The Court HEREBY ORDERS:

1. The Complaint (Dkt. 1) and the Amended Complaint ("Identifying the Claim," Dkt. 7) are DISMISSED WITH PREJUDICE.

2. The Motion to Resume Pursuance (Dkt. 8) is DENIED AS MOOT.

3. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: January 24, 2022

_____
David C. Nye
Chief U.S. District Court Judge